**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2388 HEA |
| | ) | |
| VASSALS IN THE POSITION OF | ) | |
| THE FIDUCIARY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, calling himself ":R.-A.-Nicholas "Nelson-Uriel-Bey," brings this action under the Administrative Procedures Act. He asks the Court to intervene in a criminal action against him in the City of Pine Lawn, Missouri, claiming that as a Moorish American he is sovereign and not subject to state or municipal law. Plaintiff has moved to proceed in forma pauperis.

Based on plaintiff's financial information, the Court will allow him to proceed without paying the filing fee. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989);

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992).   An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.   *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).   A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This action is legally frivolous because the Administrative Procedure Act is not available for plaintiff to obstruct state criminal proceedings.

Fatal to plaintiff's assertion of immunity is the non-recognition of the Moorish Nation as a sovereign state by the United States.   *See Benton-El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); *Osiris v. Brown*, 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988).   Plaintiff cannot unilaterally bestow sovereign immunity upon himself.   *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984).   His purported status as a Moorish-American citizen does not enable him to violate state or federal laws without consequence.   As a result, plaintiff's allegations are legally frivolous.

Furthermore, federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions.

*Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).  "Review of state court decisions may be had only in the Supreme Court."  *Id.*

Finally, the wholly frivolous nature of the lawsuit, and the fact that plaintiff is pointlessly attempting to obstruct the state criminal proceedings, suggest that the action is a malicious attempt to harass the individuals involved with his criminal action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to refiling as a fully-paid case.

A separate Order of Dismissal will be filed forthwith.

Dated this 26th day of November, 2013.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE